**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, Utah 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff
Browning*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BROWNING**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**SMITH & WESSON CORP.**, a Delaware corporation, and **THOMPSON/CENTER ARMS COMPANY, LLC**, a Delaware limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. _____<br><br>**Jury Demanded** |

Plaintiff Browning, by and through counsel alleges and complains against Defendants Smith & Wesson Corp. and Thompson/Center Arms Company, LLC as follows:

### THE PARTIES

1. Plaintiff Browning ("Browning" or "Plaintiff") is a Utah corporation having its principal place of business at One Browning Place, Morgan, Utah 84050.  Plaintiff designs,

1

develops, manufactures, and sells firearms and related products throughout the United States, including this judicial district.

2. On information and belief, Defendant Smith & Wesson Corp. ("SWC") is a Delaware limited liability company having a place of business at 2100 Roosevelt Ave., Springfield, Massachusetts 01104. On information and belief, SWC does business as "Thompson/Center Arms."

3. On information and belief, Defendant Thompson/Center Arms Company, LLC ("TCA") is a Delaware limited liability company, having a place of business at 2100 Roosevelt Ave., Springfield, Massachusetts 01104. On information and belief, TCA is a wholly owned subsidiary of SWC.

4. On information and belief, SWC as Thompson Center Arms and TCA make and sell firearms and related products throughout the United States, including this judicial district. SWC and TCA are collectively referred to in this Complaint as "Defendant."

## JURISDICTION AND VENUE

5. This action is for patent infringement under 35 U.S.C. § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant due to its infringing activities in the State of Utah, including the sale, offering for sale, and/or advertising of infringing firearms in Utah.

7. Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

8. Browning invented a novel, improved firearm ammunition magazine that provides improved protection for the cartridges within the magazine and improved, centered loading of the cartridges in-line with the bolt of the rifle. Browning protected its magazine invention by applying for a United States patent.

9. On June 10, 2014, in recognition of the novelty and utility of its invention, the United States Patent and Trademark Office granted Browning's application and issued U.S. Patent No. 8,745,912 (the "'912 patent"), entitled "Firearm magazine," to Browning. A copy of the '912 patent is attached as Exhibit A.

10. The '912 patent is a valid and enforceable patent.

11. After issuance of the '912 patent, Defendant introduced a product line referred to as the Thompson/Center T/C Compass Rifle (the "Compass Rifle"). Defendant advertises the Compass Rifle as having, *inter alia*, a "Detachable … rotary magazine [that] fits flush with the stock and provides smooth feeding."

12. That invention of the '912 patent is depicted, in part, in the adjacent drawings excerpted from the Abstract of the '912 patent:

13. The Compass Rifle line includes the invention claimed in the '912 patent. Examples of the Compass Rifle's magazine are depicted in the adjacent images:



14. The Compass Rifle line includes at least the following model numbers: 10058, 10059, 10070, 10071, 10072, 10073, 10074, 10075, 10076, and 10077. Examples of the Compass Rifle are depicted in the following image:



15. By way of example and not limitation, the Compass Rifle meets every limitation of at least Claim 14 of the '912 Patent. The Compass Rifle includes a rotary magazine for a firearm, comprising:

    a. a magazine housing, comprising:

        i. a side wall, a front wall, and a rear wall, which when assembled form a magazine cavity sized to receive a plurality of cartridges, each of which includes a case and a bullet;

        ii. a shoulder positioned within the cavity along an inner surface of the side wall, the shoulder being arranged to contact the cases thereby limiting forward longitudinal movement of the cartridges within the magazine cavity at all locations along a contoured path through the magazine cavity to prevent a front tip of each of the bullets from contacting the front wall;

      iii. an exit opening positioned along a top side of the magazine housing and providing access into the magazine cavity along an entire length of the magazine housing;

      iv. a pair of retaining edges positioned adjacent to the exit opening and limiting upward movement of the cartridges out of the magazine cavity, wherein a cartridge positioned in contact with the retaining edges is movable out of the magazine housing in a direction having a longitudinal component;

b. a follower plate positioned in the magazine cavity and including a planar portion;

c. a biasing mechanism operable to rotate the follower plate within the magazine cavity to advance the cartridges toward the exit opening;

d. a follower plate support extending from the side wall laterally into the magazine cavity and supporting one end of the follower plate, an opposite end of the follower plate being supported by the rear wall;

e. a coupling mechanism positioned at a first end of the housing and including a pivoting catch member;

f. at least one fixed catch positioned at an opposite end of the housing, the coupling mechanism and the at least one catch being positioned on an outer surface of the housing and providing releasable attachment of the magazine within the firearm;

      g. wherein the magazine is configured to be inserted upward into an underside of the firearm, and the plurality of cartridges exit the cavity at least approximately in the center of the magazine.

16. On information and belief, Defendant developed its Compass Rifle in or about 2015.

17. On information and belief, Defendant began to market its Compass Rifle in or about January 2016.

18. On information and belief, Defendant manufactures the Compass Rifle in the United States.

19. On information and belief, Defendant began shipping its Compass Rifle to retailers nationwide on or about July 19, 2016.

20. At no time has Browning given Defendant permission, license, or authorization to use Browning's patented firearm magazine technology.

21. Defendant's manufacture, use, sale, and offer for sale of its Compass Rifle has injured, is injuring, and will continue to cause irreparable injury to Browning and Browning's valuable patent rights and market share if not enjoined by this Court.

**FIRST CAUSE OF ACTION**
**(DIRECT PATENT INFRINGEMENT UNDER 35 U.S.C. § 271)**

22. Browning re-alleges and incorporates by this reference the preceding allegations of this Complaint.

23. Defendant's actions as described above, and specifically Defendant's unauthorized manufacture, use, sale, and offer to sell of the Compass Rifle constitute direct infringement of the '912 patent under 35 U.S.C. § 271(a).

24. Any further manufacturing, sales, offers for sale, or uses by Defendant of the Compass Rifle will demonstrate a deliberate and conscious decision to infringe the '912 patent or, at the very least, a reckless disregard of Browning's patent rights.

25. Browning is entitled to an injunction prohibiting Defendant from further making, using, selling, or offering to sell the Compass Rifle without permission or license from Browning under 35 U.S.C. § 283.

26. Browning is entitled to recover all damages caused by Defendant's infringement under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a. the Court preliminarily and permanently enjoin Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, selling, or offering to sell the Compass Rifle, and from infringing the '912 patent;

b. the Court enter judgment against Defendant for infringement of the '912 patent under 35 U.S.C. § 271;

c. the Court order that Defendant account to Plaintiff for all sales, revenues, and profits derived from the sale of the Compass Rifle, and that Defendants pay to Plaintiff all compensatory damages to which Plaintiff is entitled by law, including without limitation lost profits, reasonable royalties, price erosion damages, and convoyed sales damages;

    d.    the Court find that Defendant's infringement is exceptional and award Plaintiff three times the damages found in accordance with subparagraph (c) above pursuant to 35 U.S.C. § 284;

    e.    the Court award Plaintiff, against Defendant, the costs and reasonable attorneys' fees and expenses incurred in this action pursuant to 35 U.S.C. § 285 and the equity powers of the Court;

    f.    the Court award Plaintiff prejudgment and post-judgment interest against Defendant on all sums allowed by law; and

    g.    the Court award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Browning demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States Constitution.

DATED this 18th day of August, 2016.

    HOLLAND & HART LLP

    /s/ Brett L. Foster
    L. Grant Foster
    Brett L. Foster

    *Attorneys for Plaintiff*